Energies. Can we call the ne Good morning, Your Honor. May it please the Court. My name is Richard Bailoff and I represent the Apple Canyon Lake Property Owners Association and Lake Wildwood Association, and we refer to ourselves as the Associations. We're here today because the Illinois Commerce Commission improperly struck from the Association's hearings brief all references to public comments gathered at public forums and on the Commission's website. In addition, the ICC improperly shifted the burden of proof regarding certain utilities costs to the associations. The associations represent two small rural developments with a total of 1,370 ratepayers. Utilities provide water to the members of the association. The companies filed with the Illinois Commerce Commission for a rate increase of 275%. What were they granted? They were granted around a 70% increase. A 70%? Yes. So a $100 water bill was increased by 70%. Correct, Your Honor. That's correct. The Public Utilities Act directs that the rates must be based upon public understandability, acceptance, and they must be affordable to ratepayers. The burden of proof to establish the justice and reasonableness of proposed rates and charges is on the utility. Rates must be equitable, that is, they must be fair to both the utility and to the customers. Rate making is a legislative process. The legislature delegates authority to the Illinois Commerce Commission to set rates. As part of that delegation, the Illinois legislature in 2006 and 2007 established two methods to gather ratepayer input. The first was the formal establishment of public forms, and this is a statute specifically for water utilities, which is what we have here today. The statute says that those forms must be conducted on a day to get the greatest public participation. It also says that reports and comments made during the forms must be made available to the hearings officials and reviewed when drafting a recommended order. Okay, this is the core of the issue, it seems to me. I mean, you know, the state here is what blocks popular life, okay? The whole act there suggests that. But in the rate making power of the commission, you and all parties agree it's not evidence. So what is it, and what is its purpose? The purpose is, you're correct, we are not pretending that what's stated in the public forms is evidence, but it's part of the record for a decision. And it's being part of the record for a decision. As I point out, we are entitled then to comment on what the record for a decision says. And we were denied that opportunity because when we made comments about it, the commission struck that portion of our agreement. I'm having difficulty with that, because I'm asking, what is that? I mean, I can see the legislature saying that. Well, we want people to sound off on this thing. But when it comes to the rate making process, you're limited and the commission is limited to consider only evidence. Is that correct? Your Honor, I would respectfully agree and disagree with you on that. First of all, in making findings of fact, they must rely on the record of evidence. That's correct. But the Public Utilities Act and the Administrative Procedure Act say that what you have to look at is an entire record for a decision. And if you look at the Administrative Procedure Act, for example, it says that the record for a decision includes evidence, it includes memoranda and data submitted to the agencies, and it includes other information. The legislature specifically, when it passed these two statutes, said that as to public forums and to the website comments, those must be reviewed by the administrative law judge before rendering a decision. If the legislature says you must review this before you write your decision, then it has to be part of the record for a decision. The legislature doesn't pass laws that are meaningless. They must attach some meaning to it, and the meaning has to be that these are part of the record for a decision. So what's your argument? Because in effect, what the commission does is it either accepts, rejects, or modifies the ALJ's recommendation. Am I correct? That's correct, Your Honor. Okay. Presumably, the ALJ is required statutorily to be in receipt of this information from both sources. Well, actually… Actually, only one. Only one. The public forum. The public forum, correct. And that's another odd thing, is that the new website and toll-free telephone is only reported to the commission by statute. Required to be reported to the commission, that's correct. That's right. So there is that dichotomy between the two provisions of the statute, but I would say they're not that inconsistent because the way the commission generally operates is you do have an administrative law judge who writes the proposal for decision, and one would expect that he would also, or he or she, would also look at the website comments as part of that. But in addition, what the legislature said is, as to these website comments, the commissioners are to receive a report from the ICC staff, and they are supposed to consider that before any vote. So it's from a clear reading of the statute, both the website comments and the public forum are items that are in the record for decision, and the commission is entitled to look at those, should look at those. They have to be considered for whatever purposes the legislature has. I'm sorry? They have to be. There's a point of consideration, I mean, reporting, and then consideration, is it discretionary or not? We would suggest that it is not discretionary because it's a mandated function by the legislature that the administrative law judge is to review the comments from the forum. From the public forum. From the public forum, and that the commission staff is to report the comments and suggestions to the full commission before any vote, any relevant vote is what the statute says. So the legislature has in mind that these comments and forums have some purpose. We contend that part of that purpose is, as the statute says, the rates have to be just and reasonable, subject to public acceptance, and there's a balancing between the rate payers and the utilities. Once you make the determination, and I think the record, that this is part of the record for decision, if the ALJ can look at these materials and make whatever that determination is that the legislature says they have to make, and if you say that the commission has to have a report on these and consider these before any vote, then we, as participants in the case, should be entitled to comment on what those are to help put that into perspective. Now, it's not evidence. We never contended that it was evidence, but we're saying, look, if you, Mr. and Mrs. Administrative Law Judge, look at those materials, we should be able to comment on them. And what the commission said is, no, you can't look at them. You can't comment on them. And all we're simply saying is the statute, we think, is clear, that we are entitled to comment on those, because they're part of the record for decision. The commission and the utilities want to confuse the issue by saying, well, they're not part of the evidence in the case. And we don't disagree with that. So that is why we say that it was improper for the commission to strike from our brief those comments. And not only did they strike it from our brief, we asked during rehearing that they reconsider that and that they include them. They've continued to do that. Even in the record before this court, when we filed it as a supplemental appendix, they moved to strike it again. So we think that the courts look at it. We think we should be able to comment on it. Lastly, we also raised the issue, the second issue in our appeal, is the fact that we made comments concerning the appropriateness of certain charges. And this is the billing and accounting system. The evidence in the case showed that on a national average, the utilities charged their other affiliated companies in other states nationwide about $1.50. We took the company's own numbers, did a calculation, and showed that for Illinois rate payers, for these two utilities, that charge was over $4.75. When the commission looked at that in the record, they said, well, wait a minute. You have to show that you have an alternative to that $4.75. The burden is on you to show that that $4.75 is unreasonable, not on utilities to show that it is reasonable why Illinois rate payers should pay three times as much as the national average for a billing and accounting system. So we are asking this court to reverse the commission's order striking our brief and to remand the case for consideration of our comments on the website, forum issues, and also that the burden of proof should not be shifted to the rate payers that should remain with utilities. Thank you. Thank you. Is it Mr. Elitz? Yes, Your Honor. Good morning, and may it please the Court. Your Honor, the people, Carl Elitz, are the people of the state of Illinois. We intervened in this case, Your Honor, because we think there's a structural problem here with the way the commission is handling these type of issues and not taking into account the considerations of whether rates are just and reasonable, the website comments, and the public forum comments that are made in these cases. There was a case recently out of the First District, and I cited it to Your Honors in a supplemental motion which was granted, Illinois-American Water, where we think the court got it correct, and there the court said that this material should be considered as permitted by law, which is another way, in my mind. They didn't answer everything. That is a nonsensical statement. They didn't answer anything. What's permitted by law? You say it's not evidence, so I'm still trying to get at the function of it. This is a legislative process, but inside there's a kernel of adjudication that has to happen, and the adjudication is to resolve factual disputes and for the commission to apply law to those factual disputes. But the legislative part of this is also the fact that the rates in the end have to be just and reasonable, and the General Assembly wants, in that consideration of justice and reasonableness, the public's voice, the residents of the state of Illinois, to have an opportunity to comment. The people shouldn't have to intervene in every one of these cases. It should be enough for the people to post their views on the websites and in the forums, and that ought to come into the process, not to resolve a disputed question of fact. In fact, the Ministry of Review law says it can't resolve questions of fact. But I would argue to take into account, for example, the understandability of rates is one of the things that the commission has to consider. Well, if the websites are full of comments by people who clearly don't understand these rates, then the commission ought to take that into consideration and maybe, perhaps, tell the parties. They have to rethink these rates. They're not simple enough for the people to understand them. I'm making hypotheses. Could the commission consider these comments and then ignore them? I mean, say, in their order. I guess the thought that came to mind is you can drag a horse to water, but you can't make him drink. I'm not trying to get the horse to drink. I just think that the horse ought to be brought to the water. If the commission were to look at these public comments and say that they don't find them persuasive or they don't think they go to anything that's not a fact question, and so they were not going to look at them for any purpose, I don't know that the people would have anything to say as anything improper. But in this case, and it's particularly obvious in this case, where my co-counsel, Mr. Bailow, tried to argue with the hearing officer as to how he should approach this testimony at the public forum and the web comments, and it was struck him as brief. And that means it isn't even in your record to review, which that has to be error. Because if the commission is doing this work, considering this stuff in some capacity, even if they're just taking it into their file number, this stuff is all filed on their website under the file number, if it's brought into the process, it ought to be in the record. And people should be able to comment on what that should mean. And to the extent that the commission says, no, we can't consider that because the issue is a fact one and this is testimony that wasn't sworn to, there wasn't cross-examination, fine. That's a reasonable position. In fact, they can't take the other position if it is a question of fact. They can't look at it. But what's happened here is the commission seems to, in this case, but not in the first district case, the commission seems to have said, this is completely beyond our consideration. And we would suggest that that's just error. That's not what was intended. And it's not a question of what the common law would do in a trial situation. This is a statutory agency, of course, so you have to look at the statutes. I would argue that 10103 talks about what's in the record of decision for the agency. All papers and requests filed. Also, in addition to that, it also says documents and information described by the Administrative Procedure Act. It's my argument that you can go in either one of those two ways and you get to the same result. It comes in as a paper request filed in the commission's proceedings, and also it fits, I think, comfortably under the Administrative Procedure Act, 1035A. The language of the statute is a little odd in the sense that public forum stuff gets treated differently than website things. But it all flows to the same place, which is it's in the commission's record for decision. We should take it for what it's worth, or as the first district says, that's permitted by law. And that should be the place that this case ends. Well, actually, what we're here to decide is what's permitted by law. Aren't we? No, I think what we're here to decide is that the commission should make that call. It's the commission's decision to make, but they can't pretend like it doesn't exist. They can't say to the parties, don't talk about this. Mr. Bailiff's brief was struck. All he did was quote it. So the commission should have said to him if they thought that it was improper. That argument doesn't go to the merits of what we have to decide and we can't consider it. That's what I think is where this case should take. Thank you. Thank you, Mr. Helitz. Who's first over here? Mr. Seidel? Thank you. Good morning. May it please the court. Counsel, my name is Mike Seidel, and I represent the utilities in these appeals. Hey, why don't you pick a fight on this? Pardon? Why did the commission pick a fight? They picked a fight clearly by saying, hey, strike any and all references to these. All right, well, I didn't file that motion. That was the commission's decision, but I do support the outcome of their motion, and I wasn't planning on arguing that part first, but I'll go to that part. We don't think the commission erred by requiring the hearing briefs to focus on the record evidence. The act requires findings of facts to be based on evidence. To make those necessary findings, the commission held evidentiary hearings where we could cross-examine the witnesses' testimony and exhibits were admitted into the record. The purpose of those evidentiary hearings is to present and examine the evidence to make the findings of facts necessary to sustain the order. The public comments are not evidence. They're not sworn. They're not able to be cross-examined. They're not made by persons from whom we can obtain the discovery to test their statements. The hearing briefs from which the comments were struck should address evidence. In that way, the administrative law judge can focus on arguments how properly admitted evidence supports findings the ICC must make to lawfully sustain the order. I don't think they're arguing what the commission has to review to make its fact findings. Correct. They're arguing that the ALJ was wrong in striking from the brief, and I'm saying the ALJ could probably require the hearing briefs to focus on the record. There's another avenue for the public comments to be addressed by the parties to the case, and that is 83 Illinois Administrative Code, Section 1700, which specifically directs the parties, if they want to address the public comments, to file comments so they're available in the same place that the public comments are made available. It still doesn't quite answer my question. I mean, those comments are available and were requested. Correct. It's a statute request. Nobody's claiming they're evidence. Nobody's claiming the decision, certainly the fact-finding decisions are supposed to be decided based on those. But what harm in acknowledging that they exist? I don't think anyone is pretending that they don't exist. They're available on the website. They're made available to the commission. The commission has a rule that directs you if the parties to the case want to make a response to the public comments, those responses should be filed or made and put in the same place that the public comments are. But in terms of the decision-making process of the commission, they don't exist. Well, they can't be used for purposes of making a finding of fact. They can be used by the commission. They were moved out of the case altogether, were they not? Well, they were moved out of the briefs, which were supposed to direct, were directed to address the evidentiary record. The only way that the public forum can come in before the commission, under your view, is if the ALJ comments on the public forum information in rendering a recommendation. Because that's required. The public forum information is required to be given to the ALJ. Am I correct? I believe so. Then we have the Legislature Enacted Statute, which creates, I think, a toll-free number and creates a website. That information is required to be reported to the commission. I don't know if it creates a website. The commission created a website that allowed the public forum, that allowed comments to be posted on the commission eDocket page that contains all the record evidence and all the transcripts of all the hearings, the transcripts of the public forums, and the public comments that are filed on the website. And the commission rule says the parties to the case, not just the ALJ, should direct their responses to the public comments to that place on the website where the public comments are located. And I believe the public comments can't be taken into account by the commission because the commission and the administrative law judge can review and have the opportunity to review those comments and use those comments to direct, to scour the evidentiary record to see if there's any factual evidentiary support for the public comments. Well, I'm going to an amendment to 52107, the statutory requirement that the commission set up the website. It goes on further and it says the staff shall report to the commission. So that's statutory. It's not something they decided to do. Right. Okay? So they comply. Right. So it stands back to what I originally said. And I think what Justice Linton is asking. The public forum information, it seems to me in this scheme, which is complex, and for us the first approach I think is interesting, goes into the ALJ and indirectly can come up to the commission when they review the ALJ. But why is there this amendment that requires the reporting of the website and toll-free telephone number facility to be reported to the commission? And it gets back to what is this information for? And I'll ask that question to the opposing counsel again. But if the record that's made by the ALJ is what's supposed to be reviewed by the commission, and it's stricken, the commission doesn't get at least the public forum, does it? Well, it was only stricken from the briefs. It was still available to the commission and the ALJ, and there's no showing in this record that there wasn't a report by the ALJ regarding the commission. The only issue is whether the ALJ has discretion in the conduct of the hearings to require the parties to focus in their hearing briefs on the arguments in support of the findings of facts that the commission should or could make from the evidentiary hearings that will support a sustainable order. With regard to the Project Phoenix, I'll just be brief. The system that we replaced was obsolete. No one disputed that. We hired a consultant who presented a business case for the different alternatives for replacing that system. We selected the system. No one presented any evidence that the system was a less expensive alternative or that the system wasn't necessary. So we believe that is supported by substantial evidence. The argument about the cost being $150 or $450 was made in a brief. It wasn't supported by a witness, and had a witness tried to make that argument, we show in our briefs that the only reason they come up with $450 in their brief is because they exclude from the division a great number of availability customers. If you include those availability customers, it comes out to $1.50. Thank you. Thank you, Mr. Sedale. Mr. Stanton. Thank you, Your Honor. May it please the Court, Tom Stanton, Special Assistant Attorney General on behalf of the Illinois Commerce Commission. With respect to the public comments, the associations present two issues. Did the AOJ abuse its discretion to strike the material from the brief? The AOJ didn't strike any material from the public comments tab of eDocket or the material that he receives from the public forums. He struck it from the legal brief, and there's a couple reasons why. One, we've already talked about it, it wasn't evidence. But the associations tried to use that material as evidence to attack the company's position on the billing and financial systems. They were trying to show that it was deficient based on some of these comments that were not evidence. And that was part of our motion to strike in this Court, not only the appendix, but in their actual brief, they had material attacking the billing and financial systems and seeking to overturn the Commission's findings based on those comments. It doesn't mean they have to be accepted that way, does it? Well, that's why the Commission can decide how to use that information as evidence or not as evidence. It depends on what it is and how it's presented to them. That's right, the Commission adopted a rule after these statutes were enacted that tells the parties where public comments are all placed from the Internet and the telephone, they're all placed in a public comments tab separate from the other material in eDocket. In Rule 1700.20d, the Commission established the process that the parties to the proceeding, they could comment on that, they could emphasize comments, they could illustrate, they could do whatever they want, but over there in the public comments tab of eDocket. Now, the Commission can consider that. There's no question. Certainly the Commission can consider that. The Commission set it in the order that was on review in the First District. Their position is that the Commission refused to consider these comments, and there's no finding, no holding, no nothing in the order that would indicate that the Commission did not consider these comments. There's no comment that they did. Well, there's no rule that requires the Commission to announce that it considered public comments. So to draw a negative inference would be improper. Yeah, the fact that we set it in the one order, and the fact that we didn't say it in this order, you can't draw a negative inference from that. You can't draw a negative inference from striking the brief? Well, the striking of the brief, that was just material that was in the brief. We have rules. One, it wasn't evidence. The ALJ struck it that way. First, briefs are discretionary. They're not legally entitled to file a post-hearing brief at all. And we have the rule that tells them, if you want to talk about comments, if you want to emphasize, highlight, whatever you want to do with respect to the comments, do it in this Public Comments tab, because that's the stuff that the Commission's going to receive. When staff reports this information to the Commission, in reality, it's not actually reported. No one comes around on a cart and with paper comments. The Commission's savvy enough, they go on to the website, the Public Comments tab, and in each of the individual cases, this tab is there. So they know where to go. So it's really just announcing that there have been comments filed. So certainly the Commission considered it. That's not the issue here. Their argument is that we refuse to. And there's no indication that the Commission refused to consider these comments. But, Your Honor, for the purpose of these— Okay, so you're saying there's no indication they didn't. Right. And when I asked you, wouldn't it have been wise to then say that they did and gave it whatever weight? They chose none, presumably. Well, they— I mean, would it not have been—would it not be better, if nothing else for certainly public relations on the part of the Commission, to say, we've looked at these. Very interesting. We're giving them a little weight or whatever, or we're giving them a lot of weight. Whatever—I mean— Here's—right, here's how I understand it. I mean, your argument is very interesting, but it doesn't— you're saying that, well, they can go over here and look if they want and consider them if they want. But we don't know that. We don't know that they did that. What we have is certain aspects of this case that say they didn't or that hint strongly that they didn't. There was nothing in the record, in this record, that says that they did because it's all gone. Well, I think—right. I think the purpose of the two provisions is to— you know, there's already a formal mechanism. There's a formal proceeding that the Commission goes through. And ratepayers don't participate in these proceedings. There's the Attorney General. They represent the ratepayers on their behalf. And there's another organization, the Citizens Utility Board. They represent ratepayers and protect their interests. But you don't get the individual ratepayers to participate in the case. They have to leave work, come down to Chicago or Springfield. So what I think those provisions do, the 8306M and the 2107, is it's an informal mechanism that the public can participate through the public forums when they're held. And there's a transfer prepared, and it goes to the hearing examiner. And what he can do is he can look at that. And he can say, you know what, there might be some good comments here. No one has addressed that issue in the case. So he can say—he can direct, under our rules of practice, the ALJ can direct the parties to provide additional information, additional evidence in the case based on these comments. Now, to the extent that they're not pulled into the formal proceeding, the Commission can't rely on those for purposes of findings of fact in the case. But— I don't think anybody's claiming that. Well, it— Are they? That's why the material— Am I? Yeah, that's why the material was struck from the brief. The ALJ struck from the brief in our motion to strike from their appellate brief. They're using some of the comments, the factual statements of the comments, that were not run through the formal proceeding to attack the Commission's findings. They're saying there were a couple of statements that were from the public comments. Members of the public said they didn't receive certain bills. So they received them late. So the associations were arguing that the utilities' new billing and financial systems were deficient. So they should not have gotten the cost recovery that the Commission gave them. That's a direct attack on the Commission's findings. And that's why we moved to strike it from the brief. If you look at their brief, it points directly to the information that's in the public comments section, not in the record of evidence. So what you're saying is the ALJ had available at least the public form. I don't know if the ALJ had the website or the public numbers. There's a statement in the record that he reviewed both. Okay. Yes. In this case, he did. The statutory scheme doesn't suggest— It doesn't. That's right. There's no requirement. Okay. Okay. So I am correct on that. Okay. Now, what you're saying is that since he has that, okay, he can then direct further briefing on that aspect and presumably get information that needs an evidentiary stand. Absolutely. That's why I think—that's what we think those provisions—the purpose of those provisions is. It's not that the public can comment and then we can rely on them or we're going to say that we want to rely on them. Let's go from the ALJ. What is the Commission doing with the ALJ's findings and recommendations? Can they reopen? Certainly. It's a proposed order. It's a proposed order that goes to the Commission. The Commission are reviewing these, the public comments, and the public comments have a view document, and they're certainly entitled to look at the public forum comments, too. If they see something in the record—I'm sorry, if they see something from the public comments, they can direct the ALJ to direct the parties to provide additional evidence, show us some— So what you're saying, it seems to me, to put it in the common law courts, is that, in effect, this is information that sua sponte, the decision maker, can avail themselves of. It's more akin to the court taking a view. I would characterize it like this. The Commission, during a proceeding, the Commission can read a newspaper. A Commissioner can read a newspaper. The ALJ can read a newspaper. He sees something in there. Hmm. That's interesting. None of the parties addressed that in the case. Now, he couldn't rely on that newspaper, and that newspaper doesn't become part of the record for evidence or a good part of the record for decision, right? It could be a regulatory journal, whatever. He sees something in there. It wasn't addressed in the case. He thinks that the trier of fact, the ALJ, thinks that's relevant to the case for any of the issues in the rate making proceeding. He can then direct the parties to, hey, file information, file evidence on this particular matter. But the newspaper doesn't become part of the record. The regulatory journal doesn't become part of the record. And just like the newspaper and the regulatory journal, these public comments don't become part of the record. They could to the extent that this would be a good example. One of the public members, Randy Hart, he participated in public forums. He commented. He commented on the website, but then the association sponsored his testimony. He filed testimony in this case. And the commission can, the impact of the rate increase, proposed rate increase on him and his family, and the commission can certainly consider that and make findings based on that material. The commission can't make findings on the other stuff. So that's the distinction. It can come in. I mean, just. Sure. No, go ahead. Your time is up. Thank you. Oh. What? Somebody else have a question? I'm sorry. I was about to answer that. That's who you are. I was responding. Oh, oh. All right. Now, are we? Mr. Bigelow. Your Honor, I want to address your question because it's a very good question. And why is this required? We think it's required because the statute says, as I had said in the very beginning, the Public Utilities Act says that rates must be understood by the public. There must be a balancing between the rate payers and the utilities. Before you can find out whether it's generally accepted among the public, you need to know what the public thinks. To see the balancing between rate payers and utilities, you need to know what the rate payers think. The legislature decided that there should be public forums and website comments. It's interesting that the Commerce Commission takes the position and says openly, well, rate payers don't participate in these proceedings. They're probably correct on that. And the legislature realized that. And that's why they established these public forums that require the ICC to go to the location where the rates are going to be in effect and to get the comments from the public. But then the ICC says, well, that's really all just, that's a ruse. Because all we're really doing is we want to get their comments, put them in on the website so people can see that we actually took their comments, and then we don't want anybody to know what they really said because, one, the participants in the case can't comment and put them into perspective to help the commission decide whether or not the rates are in the public interest and to take care of this balancing when they're making these findings of fact. And secondly, they're saying you, as the reviewing court, can't even find out what these comments were. They struck the comments from our brief, our comments from the brief, and then they said, well, it's not part of the record at all. You can't even have it on appeal. When they filed the record on appeal in this case, they didn't include those comments. They didn't include the website comments. They didn't include the public forum comments. We filed a supplemental appendix saying, here's what they find to be not in the record. But yet they say, well, the administrative law judge looked at these, and maybe the commission looked at them, but there's nothing in the record that said the commission received a report from the website comments. Well, if they did, and they're part of the record for decision, we should be entitled to say what we comment on them, to say, well, these comments were made. They go to the issue of public acceptance, or they go to this issue. We should be able to do that. What the commission is saying is, well, no, you can't do that. It's only the commissioners that can then send it back if they read the record. But they don't have the context. If we say in our brief, well, this comment shows that there isn't public acceptance or demonstrates a lack of public acceptance, then the commission can make that second decision. But if they don't have our input as to what we think the people are saying in the public forums, then the right to the public forums and the website is really not a useful right at all to the ratepayers. So we're asking this court to send this case back, to order that the commission reverse its striking of our briefs, and to take, as the law requires, these public comments into consideration for whatever the legislature said they were, and then to base the decision on that. And just one last point, and having to do with the $1.50 charge and $4.75 charge for the billing and accounting systems, Mr. Seidel said, well, the problem is that we used a different number because we said we didn't take into account the availability customers. Well, the simple fact is those rates weren't being changed at all as a result of this case. We took the numbers and the customers that they were proposing and used those same numbers. So for those reasons, we ask that the court enter an order reversing the commission and sending this back to the commission for further consideration. Thank you. Thank you, Mr. Balow. Have we got a cross-reply? Everybody covered what they need to cover? I've got a cross-reply down here. It was five minutes reserved for me in defense of my cross-appeals, but the cross-appeals never came up in the arguments of any of the parties, so I don't know if it would be fair for me to address arguments that they didn't get to address. All right. Then everybody's happy if we just call it a morning on this one. All right. Thank you, first of all, all of you, for your arguments here this morning. The matter will be taken under advisement. A written disposition will be issued.